This case is controlled by the decision in *Jaggle* v. *Nagle*, No. 18,610, *ante*, p. 237.

---

## James Taylor and Mildred J. Taylor, Appellees, v. Simon Hamberg, Appellant.

### Gen. No. 18,426.   (Not to be reported in full.)

Appeal from the Superior Court of Cook County; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed November 20, 1913. Rehearing denied December 4, 1913.

### Statement of the Case.

Action for fraud and deceit by James Taylor and Mildred J. Taylor against Simon Hamberg for damages sustained from false and fraudulent representations on the sale of land. From a judgment for plaintiffs for $24,212.63, defendant appeals.

WHEELOCK, SHATTUCK & NEWEY, for appellant.

MUSGRAVE, OPPENHEIM & LEE, for appellees.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 351*—*when election between different theories of fraud is not required.* Where a vendee's declaration against a vendor in an action for fraud proceeds on three theories for a recovery, false representations as to the character, quality and value of the land, false representations as to incumbrances thereon and false representations as to existence of title, the theories are not inconsistent as making applicable different rules as to the measure of damages; and plaintiff will not be required to elect between the theories; even if different rules of damages obtained, an election would not be required.

2. VENDOR AND PURCHASER, § 348*—*measure of damages in fraud by vendor.* In an action for fraud in the sale of land, where the representations are as to the character, quality and value of the land, the measure of damages is the difference between the actual value of the land and what it would be worth if the representations had been true, together with lawful interest on such difference.

3. VENDOR AND PURCHASER, § 348*—*measure of damages in fraud by vendor.* In an action for fraud in the sale of land, where the false representation is that there is no incumbrance on the land, the measure of damages is the amount of the incumbrance, if less than the value of the land.

4. VENDOR AND PURCHASER, § 348*—*measure of damages in fraud by vendor.* In an action for fraud in the sale of land where the false representation is regarding the existence of title, which title totally fails, the measure of damages is no different than where other false representations are made; it is not the price paid by the purchaser of the land nor the value of the consideration given him therefor.

5. VENDOR AND PURCHASER, § 355*—*evidence admissible in fraud by vendor.* In an action for fraud to recover damages for false representation in the sale of land as to the existence of title, which title has totally failed, a decree in a receivership proceeding decreeing a certain sum to be a charge upon the land and evidence that no redemption of the lands had been made in accordance with its terms, are competent.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

6. VENDOR AND PURCHASER, § 357*—*when improper instruction on fraud will not reverse.* In an action for fraud as to making false representations in the sale of land, an instruction for the plaintiff seemingly directory in form and objectionable in ignoring that the representations must have been material and relied upon will not reverse where the instruction could be construed as not directory, was one of a series, was covered by other instructions and there was no real dispute of the fact that plaintiff did rely upon the representations.